J-A19045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
               :     PENNSYLVANIA
               :
     v.            :
               :
               :
ANTHONY JOHNSON        :
               :
     Appellant       :   No. 3577 EDA 2017

Appeal from the PCRA Order October 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1010381-2002

BEFORE: PANELLA, P.J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:      **FILED SEPTEMBER 13, 2019**

Appellant, Anthony Johnson, appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County dismissing his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. After a careful review, we affirm.

The relevant facts and procedural history have been set forth by this Court previously, in part, as follows:

> On September 20, 2002, Appellant was arrested and charged with a number of offenses committed while robbing his father's girlfriend, including the killing of her father and her five-year-old son. Subsequently, on January 7, 2003, Appellant entered a negotiated guilty plea to two counts of first degree murder, 18 Pa.C.S.A. § 2502(a); robbery graded as a first degree felony, 18 Pa.C.S.A. § 3701; and possession of an instrument of crime, 18 Pa.C.S.A. § 907. The trial court sentenced Appellant that same day in accordance with the terms of the plea to serve mandatory life imprisonment for each of the murders, to be served consecutively, and concurrent prison terms of ten (10) to twenty (20) years for the robbery and two and a half (2½) to five (5)

_____

\* Former Justice specially assigned to the Superior Court.

years for possession of an instrument of crime. Appellant did not file a direct appeal.

On December 18, 2003, Appellant, acting *pro se*, filed a [timely] PCRA petition. The PCRA court thereafter appointed…counsel to represent Appellant on February 10, 2004. The Commonwealth filed a motion to dismiss on August 20, 2004. On October 26, 2004, the PCRA court issued notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Subsequently, the PCRA court dismissed the petition on November 30, 2004. Appellant filed a timely notice of appeal[.]

*Commonwealth v. Johnson*, 3293 EDA 2004, at *1-2 (Pa.Super. filed 10/4/05) (unpublished memorandum) (citation to record omitted).

On appeal, Appellant contended the PCRA court should have permitted him to withdraw his guilty plea on the basis it was involuntarily entered as Appellant was under the influence of several prescribed medications at the time he entered his plea. He averred the medications he was taking affected his ability to understand the nature of the plea or the nature of the crimes to which he was pleading guilty. Additionally, Appellant argued the PCRA court should have held an evidentiary hearing on his claim.

This Court concluded Appellant waived his challenge to the entry of his guilty plea and, in any event, there was no merit to the claim. *Id.* Moreover, this Court concluded the PCRA court properly denied Appellant's claim without an evidentiary hearing. *Id.* Consequently, this Court affirmed the PCRA court's order denying Appellant's first PCRA petition. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on March 10, 2006.

On or about September 15, 2014, Appellant filed a second *pro se* PCRA petition, and the PCRA court appointed counsel. On August 19, 2017, counsel filed a petition to withdraw, as well as a **Turner/Finley**[1] "no-merit" letter. On August 28, 2017, the PCRA court provided Appellant with notice of its intention to dismiss without an evidentiary hearing, and by order entered on October 3, 2017, the PCRA court dismissed Appellant's petition. Appellant filed a timely, *pro se* notice of appeal on October 27, 2017, and all Pa.R.A.P. 1925 requirements have been met.[2]

On appeal, Appellant presents the following issues in his "Statement of the Questions Involved" (verbatim):

I.   Was Appellant denied his rights under the Sixth Amendment of the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution, where trial/plea counsel was ineffective for failing to serve as his client's advocate in failing to present Appellant's psychological defects before the Court?

II.  Whether initial PCRA counsel was ineffective for failing to raise the ineffectiveness of trial/plea counsel for advising Appellant to plead guilty to first-degree murder, where he had a viable defense?

III. Whether the trial court abused its discretion where the Court accepted a guilty plea from Appellant for first-degree murder while Appellant was highly medicated and/or mentally incompetent?

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

[2] Upon initial review, noting the docket failed to indicate whether the PCRA court had granted counsel permission to withdraw, this Court filed an order remanding for a determination with regard thereto. On July 26, 2018, the PCRA court made a docket entry indicating counsel was permitted to withdraw.

Appellant's Brief at 4 (suggested answers omitted).

Preliminarily, we must determine whether Appellant's instant PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super. 2000). In reviewing the propriety of the PCRA court's dismissal of Appellant's petition, we are limited to determining whether the PCRA court's findings are supported by the record, and whether the order is free of legal error. *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (1999).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA provides that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)      the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Marshall**, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, "the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." **Commonwealth v. Walters**, 135 A.3d 589, 592 (Pa.Super. 2016) (citations omitted). **See** 42 Pa.C.S.A. § 9545(b)(2).[3]

In the case *sub judice*, Appellant was sentenced on January 7, 2003, and he did not file a direct appeal therefrom. Consequently, his judgment of sentence became final thirty days later on February 6, 2003, when the time within which to file an appeal to this Court expired. **See** 42 Pa.C.S.A. §

---

[3] As of December 24, 2018, Section 9545(b)(2) now allows that any PCRA petition invoking a timeliness exception must be filed within one year of the date the claim first could have been presented. **See** Act 2018, Oct. 24, P.L. 894, No. 146 § 2, effective in 60 days (December 24, 2018). This amendment does not apply to Appellant's case, which arose before the effective date of the amendment.

9545(b)(3); Pa.R.A.P. 903(a). Appellant, thus, had until February 6, 2004, to file a timely PCRA petition; however, Appellant filed the instant PCRA petition on or about September 15, 2014. Therefore, it is patently untimely.

This does not end our inquiry, however, as Appellant contends that he is entitled to the newly-discovered facts exception of Subsection 9545(b)(1)(ii). Specifically, Appellant contends that, because of his mental incompetence, the facts underlying his substantive PCRA claims were unknowable to him. He suggests that he could not have learned of the facts underlying his claims until he became competent and, after he became competent, he filed the instant PCRA petition.

This Court has explained:

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015) (citations and quotation marks omitted).

Initially, we note that Appellant has not proffered when he allegedly passed from incompetence to competence. Even if Appellant could prove his incompetence at the time he entered his plea, he was still required to establish that he filed his PCRA petition within sixty days of regaining competence,

- 6 -

which he failed to do. **See Commonwealth v. Liebensperger**, 904 A.2d 40, 48 (Pa.Super. 2006) (rejecting PCRA petitioner's claim of mental incompetence where he failed to plead or prove "the crucial point at which time he passed from incompetence to competence, discussing only his chronic mental illness"). Accordingly, Appellant has not met the initial threshold of pleading and proving that his claim was raised within 60 days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Moreover, we note that "[b]road claims of mental illness do not satisfy a statutory exception to the PCRA time-bar." **Commonwealth v. Shaw**, ___ A.3d ___, 2019 WL 3852219, at *3 (Pa.Super. filed 8/16/19) (citation omitted). In **Commonwealth v. Cruz**, 578 Pa. 325, 852 A.2d 287, 288 (2004), upon which Appellant relies in support of his argument, our Supreme Court carved out a narrow exception to the general rule where a PCRA petitioner's mental incompetence prevented him from filing a timely PCRA petition.

> The appellant in **Cruz** shot and killed a number of victims before turning his handgun on himself and attempting to commit suicide. The appellant survived, but he sustained a severe brain injury that left him essentially lobotomized. The appellant entered a plea of *nolo contendere* to three counts of second-degree murder, and the court sentenced him to consecutive terms of life imprisonment for each offense. At the time of the plea, the parties informed the court that the appellant was pleading *nolo contendere* because he was unable to express emotions or discuss the facts of the case in any sensible way due to his brain injury. Almost six years later, the appellant filed a PCRA petition alleging his brain injury had been slowly resolving in the months just before he filed his PCRA petition. The **Cruz** Court recognized that the PCRA does not include an exception for mental incapacity but

held "in some circumstances, claims that were defaulted due to the PCRA petitioner's mental incompetence may qualify under the statutory [newly-discovered fact] exception. *Id.* at 336, 852 A.2d at 293.

*Shaw*, 2019 WL 3852219, at *3.

This Court has characterized the holding in *Cruz* as follows:

Only under a very limited circumstance has the Supreme Court ever allowed a form of mental illness or incompetence to excuse an otherwise untimely PCRA petition. *See, e.g.,* [*Cruz*, 852 A.2d at 294-97] (holding defendant's claims may fall under [newly-] discovered facts exception to PCRA timeliness requirements where his mental incompetence prevented defendant from timely raising or communicating claims)....Thus, the general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1080–81 (Pa.Super. 2010)

(some citations omitted).[4]

Instantly, we conclude Appellant's claim is distinguishable from *Cruz*. Cruz presented evidence that he was "lobotomized" and a psychiatrist opined that, at the time he entered the plea, Cruz was unable to comprehend the

---

[4] In *Monaco*, the petitioner attempted to invoke the newly-discovered facts exception on the basis that his post-traumatic stress disorder diagnosis was unknown to him and could not have been ascertained by the exercise of due diligence. In rejecting the petitioner's claim, this Court found the petitioner did not exercise due diligence to discover whether he suffered from post-traumatic stress disorder. Also, this Court found the petitioner's claim did not fall within the *Cruz* holding because the petitioner failed to allege his post-traumatic stress disorder "impaired his mental ability to raise or communicate his claim." *Monaco*, 996 A.2d at 1082-83.

nature of the proceedings. In contrast, Appellant's claim of mental incompetence in the instant case was based on the assertion he has dealt with mental illness "his entire life."[5]  **See** Appellant's Brief at 12.  "Having a history of mental illness…does not rise to the same level of unique circumstances found in **Cruz**."  **Shaw**, 2019 WL 3852219, at \*4 (citation to the PCRA court opinion omitted).  "[A] mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements."  **Monaco**, 996 A.2d at 1081.

Furthermore, Appellant has failed to demonstrate that he exercised due diligence in learning the purported "newly-discovered" fact.  **See id.**  Appellant has not explained how his alleged mental incompetence prevented him from presenting or communicating his claims.  **See id.** at 1080.  Thus, we agree with the PCRA court that Appellant has not met the newly-discovered facts exception.

For all of the foregoing reasons, we affirm the PCRA court's order dismissing Appellant's second PCRA petition.

Affirmed.

---

[5] Appellant also noted, without any details, that he allegedly attempted to commit suicide while in jail awaiting trial and/or the entry of his guilty plea. However, Appellant has not explained why he could not have learned of this fact sooner with the exercise of due diligence or how this impaired his mental ability to raise or communicate his claims.  **See Monaco**, **supra**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/19